UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENZO A. ESTRUCH,

        Plaintiff,                            CASE NO.: 2:22-cv-35

v.

MILLENNIUM HOME CARE, LLC,

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, LORENZO A. ESTRUCH, by and through her undersigned counsel, and hereby sues the Defendant, MILLENNIUM HOME CARE, LLC, and respectfully alleges and states as follows:

**INTRODUCTION**

1.    Plaintiff brings this action against Defendant under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, which incorporates, through 42 U.S.C. § 12117, the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, included in 42 U.S.C. § 2000e *et seq*., in addition to its implementing Regulations, the Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq*., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), §§ 760.01 *et seq*., Florida Statutes. As set forth below, Plaintiff alleges that Defendant failed to accommodate his requests for reasonable accommodations violation of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1367. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

3.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4.    Venue is proper in the United States District Court for the Middle District of Florida, Fort. Myers Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this judicial district. All facts and circumstances arising from this dispute took place in Charlotte County, Florida.

5.    Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

## PARTIES

6.    LORENZO A. ESTRUCH (hereinafter referred to as "Plaintiff") is an adult individual and resident of Charlotte County, Florida. who, at all times material herein, resided in Charlotte County, Florida.

7.    Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides that the term "disability" means "a physical or

mental impairment that substantially limits one or more major life activities of such individual"; "a record of such an impairment".

8.   At all material times herein, the Plaintiff suffers from disability within the meaning of the ADA, 42 U.S.C. § 12102(1), and its implementing Regulations, the Rehabilitation Act, and the FCRA because it is a physical impairment that substantially limits one or more major life activities, including, but not limited to the digestive system and its activites. 42 U.S.C. § 12102(1)-(2); 29 C.F.R. § 1630.2(h)(1); 29 C.F.R. § 1630.2(i)(1).

9.   At all times material herein, Plaintiff was a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), the Rehabilitation Act, and the FCRA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of his position with Defendant.

10.  Plaintiff is a qualified individual with a disability and is protected from unlawful employment practices on the basis of disability, including disability discrimination, failure to provide reasonable accommodations, retaliation, and other unlawful actions of Defendant as alleged herein, under the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

11.  Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), and the FCRA, § 760.02(6), Florida Statutes. Defendant is a "person" within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts,

unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

12.   Defendant is an entity that receives federal financial assistance or funding and is a covered entity for purposes of Section 504 of the Rehabilitation Act.

13.   Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) and within the meaning of 42 U.S.C. § 12111(5) because Defendant is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Thus, Defendant is also a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

14.   Accordingly, Defendant is liable under the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA for unlawfully discriminating against Plaintiff on the basis of disability, failing to accommodate Plaintiff's request for reasonable accommodations, and retaliating against Plaintiff as more fully alleged herein.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

15.   On or around February 12, 2021, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on disability. See Exhibit A.

16.   On October 21, 2021, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 510-2021-02549) against Defendant. See Exhibit B.

17.   All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

18.   Plaintiff applied for employment with Defendant as a System Support Coordinator.

19.   After the onset of the COVID-19 Pandemic, the Plaintiff began performing his duties remotely.

20.   This continued successful for the period of April 27, 2020 to June 14, 2020.

21.   In June, the Plaintiff returned to the office and continued to perform his duties.

22.   While working in the office, the Plaintiff had little to no contact with other employees except for limited group meetings where other employees consistently called into the meeting. Plaintiff also visited his employees in person from time to time. However, this could be handled virtually without inconvenience or interference with the Defendant's business operations.

23.   Defendant instituted a policy requiring all employees always wear a face mask.

24.   The mask policy was not followed by employees in the office, including management, throughout most of 2020.

25.   In November, the Plaintiff was asked by the Defendant to begin following the mask policy.

26.   Because of his disability or Handicap, Plaintiff has adverse reactions that are physically harmful to his health when wearing a mask.

27.   Plaintiff requested a reasonable accommodation of being exempted from the mask policy combined with limiting his in person interactions and engaging in social distancing. Plaintiff also proposed working remotely as he did successfully for several months.

28.   Defendant offered the Plaintiff a demotion into a non-supervisory remote position as a reasonable accommodation. The position still would have required the Plaintiff wear a mask and meet with other employees in person when it was necessary. During discussions,

Defendant couldn't identify under what circumstances it would be necessary for business purposes.

29. The Plaintiff declined to accept a demotion which would have required him to physically harm himself under vague circumstances and was terminated.

30. There were numerous reasonable accommodations available to the Defendant that didn't involve termination or demotion.

31. Allowing the Plaintiff to continue in his position with a reasonable accommodation would not have resulted in an undue hardship on the Defendant.

32. Defendant's conduct and actions as described in this Complaint constitute discrimination on the basis of disability in violation of Title I of the ADA, as amended, and its implementing Regulations, the Rehabilitation Act, as amended, and the FCRA.

33. There was no legitimate, non-discriminatory basis for Defendant terminating Plaintiff's employment, refusing to employ Plaintiff, and/or rescinding its Offer of Employment to Plaintiff.

34. The Plaintiff could have performed the essential elements of his position with or without a reasonable accommodation.

## COUNT I: FAILURE TO ACCOMMODATE
## VIOLATION OF ADA, FCRA & REHAB ACT

35. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. At all times material herein, Plaintiff was an individual with "handicaps" (disabilities) within the meaning of the FCRA, Rehab Act and ADA.

37. As alleged above, at all times material herein, Plaintiff was an individual with handicaps (disabilities) within the meaning of the FCRA, Rehab Act and ADA in that, *inter alia*, he

had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

38.   At all times material herein, Plaintiff was a qualified individual with handicaps (disabilities) within the meaning of the FCRA, Rehab Act and ADA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of his position with the Defendant.

39.   Defendant knew of and had notice of Plaintiff's handicaps (disabilities).

40.   Plaintiff submitted a request to Defendant for accommodations and was offered only a demotion or termination.

41.   As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, LORENZO A. ESTRUCH, demands judgment against Defendant, MILLENNIUM HOME CARE, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA, Rehab Act and ADA by discriminating against Plaintiff on the basis of his handicap (disability) by failing to provide a reasonable accommodation;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered as a result of the discrimination against him, including, but not limited to, an offer of reinstatement to his previous position with retroactive seniority or awarding him front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any

other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.   Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of the FCRA, Rehab Act and ADA;

D.   Award Plaintiff any and all other damages available under the FCRA, ADA and Rehab Act, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable, according to proof;

E.   Award the Plaintiff punitive damages;

F.   Award Plaintiff pre- and post-judgment interest;

G.   Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

H.   Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

42.   Plaintiff hereby demands trial by jury on all issues so triable as of right by jury in this matter.

Respectfully submitted this 18th day of January, 2022.

By: /s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.:  (888) 501-3865
Frank@malatestalawoffice.com

Staff@malatestalawoffice.com
*Counsel for Plaintiff*